IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES HICKS, DENEEN HICKS & STACEY HICKS, <br><br> Plaintiffs, <br><br> vs. <br><br> ASSOCIATION OF APARTMENT OWNERS OF MAKAHA VALLEY PLANTATION and HAWAII FIRST, INC., <br><br> Defendants. | CIV. NO. 14-00254 HG-BMK <br><br> FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO TRANSFER VENUE |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION TO TRANSFER VENUE**

Before the Court is Plaintiffs' Charles Hicks, Deneen Hicks, and Stacey Hicks Motion to Transfer Venue, filed August 28, 2014. (Doc. 15.) Defendants Association of Apartment Owners of Makaha Valley Plantation and Hawaii First, Inc., filed a memorandum in opposition to the Motion on September 23, 2014. (Doc. 24.) After careful consideration of the Motion, the supporting and opposing memoranda, and the relevant legal authority, the Court hereby finds and recommends that Plaintiffs' Motion be DENIED for the reasons set forth below.[1]

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

# **BACKGROUND**

On June 28, 2012, while living in California, Plaintiffs filed a complaint against Defendants alleging housing discrimination under the Fair Housing Act, 42 U.S.C. § 3601 et seq, with the U.S. Department of Housing and Urban Development ("HUD") and the Hawai'i Civil Rights Commission ("HCRC"). (Doc. 24-5, 24-6.) Plaintiffs alleged "[d]iscriminatory terms, conditions, privileges, or services and facilities," and "[f]ailure to make reasonable accommodation," stemming from:

(1) Defendants' failure to make satisfactory repairs to the interior of Plaintiffs' condominium unit caused by water leaks from the unit above them, and Defendants' failure to provide Plaintiffs with contact information for the homeowner of the unit above them, which resulted in Plaintiffs having to secure repairs to their unit for which they were not responsible for and having to secure a high-risk insurance policy for their unit;

(2) Defendants' refusal to trim the landscaping that interfered with Plaintiffs' ability to enter and exit their car when parked in their assigned parking space;

(3) Defendants' differential enforcement of the parking rules between Plaintiffs and other "non-Black residents";

(4) Defendants' refusal to provide Plaintiffs with identification information of a homeowner whose tenant made "unprovoked, racially-derogatory remarks and physically threatened Charles Hicks"; and

(5) Defendants' failure to make reasonable accommodation to Charles Hicks whose disability makes him particularly sensitive to noise disturbances.

(Doc. 24-5.) Plaintiffs maintained that they were discriminated against based upon their race, color, and Charles Hicks' disability. (Doc. 24-6.) On February 12, 2013, Defendants filed a response to Plaintiffs' HUD and HCRC complaint, which denied all of Plaintiffs' allegations of discrimination and disparate treatment, and argued that Plaintiffs filed their complaint in retaliation for Defendants' attempt to collect past and currently due maintenance fees, fines for prohibited conduct, and related late fees. (Doc. 24-7.) On February 24, 2014, the HCRC dismissed Plaintiffs' discrimination complaint on the basis of "no cause." (Doc. 24-8.)

On May 29, 2014, Plaintiffs, appearing pro se, filed the Complaint in this Court alleging housing discrimination on the basis of race while they were residing at the Makaha Valley Plantation ("MVP") condominium project in Hawaii. (Docs. 1, 24.) Sometime before filing their Complaint in this Court, Plaintiffs became residents of Lithia Springs, Georgia. (See Doc. 1.) Plaintiffs articulate the same allegations raised in their HCRC and HUD complaint, and allege, inter alia, that Defendants failed to make satisfactory repairs to the interior of their unit after water leaked from the unit above them, and Defendants failed to provide Plaintiffs with contact information of other homeowners within the MVP condominium project. (Doc. 1.) Plaintiffs further allege that Defendants' acts and omissions caused them to be "homeless and penniless." (Doc. 1.) Plaintiffs seek $500,000 in

actual damages and $2.5 million in punitive damages.  (Doc. 1.)

On August 28, 2014, Plaintiffs filed a "Request to Transfer Case," which this Court has construed as a Motion for Transfer of Venue.  (See Doc. 19.)  Plaintiffs seek to transfer this action from this Court to the United States District Court for the Northern District of Georgia.  (Doc. 15.)  On September 23, 2014, Defendants filed an Opposition arguing that Plaintiffs' case could not have been brought in Georgia and that a balance of the relevant factors "weighs heavily in favor of Hawaii as the forum."  (Doc. 24.)

## DISCUSSION

### I.    Standard for Motion to Transfer Venue

Section 1404(a) of Title 28 of the United States Code provides,

> <u>For the convenience of parties and witnesses, in the interest of justice</u>, a district court may transfer any civil action to any other district or division <u>where it might have been brought</u> or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a) (emphasis added).  Thus, in deciding a motion to transfer venue, "the Court must engage in a two-part inquiry.  First, the Court determines whether the action could have been brought in the transferee court.  Second, the Court considers whether the transfer will enhance the convenience of the parties and witnesses, and is in the interests of justice."  <u>Lee v. Corrs. Corp. of Am.</u>, 525 F. Supp. 2d 1238, 1243-44 (D. Haw. 2007) (citations and internal quotation marks

4

omitted). If a court finds that the other forum is "clearly more convenient," it will transfer the action. Robinson Corp. v. Auto-Owners Ins. Co., 304 F. Supp. 2d 1232, 1243 (D. Haw. 2003) (citations omitted). "Ultimately, the moving party has the burden of showing that an alternative forum is the more appropriate forum for the action." Tamashiro v. Harvey, 487 F. Supp. 2d 1162, 1165 (D. Haw. 2006) (citing Jones v. GNC Franchising, Inc., 221 F.3d 495, 499 (9th Cir. 2000)).

The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citation and internal quotation marks omitted). Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

### A. Whether the Action Could Have Been Brought in the Northern District of Georgia

Under the first prong of the Section 1404(a) analysis, a case may only be transferred to another district "where it might have been brought." Here, all of Plaintiffs' claims arise under the Fair Housing Act, 42 U.S.C. § 3601, et seq. (See Doc. 24-6.) In Fair Housing Act cases, venue lies "in the judicial circuit in which the discriminatory housing practice is alleged to have occurred[.]" 42 U.S.C. §

3612(i)(2); Godwin v. Sec'y of Hous. & Urban Dev., 356 F.3d 310, 311 (D.C. Cir. 2004).

Plaintiffs allege that the discriminatory housing practices occurred during their residency at the MVP condominium project in Hawaii. The Complaint does not allege any housing discrimination that occurred in the State of Georgia, and therefore, this case could not have been brought in the USDC for the Northern District of Georgia. Instead, venue is proper in the District of Hawaii because all of the discriminatory housing practices alleged in Plaintiffs' Complaint occurred in the District of Hawaii.

### B. Convenience of the Parties and Witnesses & Interests of Justice Analysis

Under the second prong, in determining whether the convenience of the parties and the interests of justice requires transfer of venue, the Court should weigh relevant public and private factors to determine whether to transfer a case pursuant to § 1404(a), including:

> (1) the plaintiff's choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiff's cause of action in the chosen forum; (4) the differences in the costs of litigation in the two forums; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (6) the ease of access to sources of proof.

Tamashiro, 487 F. Supp. 2d at 1168 (citing Jones, 211 F.3d at 498-99) (listing those factors most relevant to this case). As discussed below, the balance of the various

factors weighs heavily in favor of Hawaii as the forum.

Plaintiffs seek to transfer venue to the Northern District of Georgia because: (1) Plaintiffs recently relocated to Georgia after losing their home in Hawaii through foreclosure; (2) Deneen Hicks is the sole caregiver to Charles Hicks, who is 100% disabled; (3) Deneen Hicks is the sole caregiver to her mother, who apparently lives with Plaintiffs in Georgia; (4) Plaintiffs are unable to get legal assistance in Hawaii, and are also unable to get legal assistance in Georgia "because the case is in Hawaii"; (5) Plaintiffs have no support in Hawaii, and would be required to secure airfare, lodging, and transportation in Hawaii while attending the proceedings related to this case; (6) Deneen Hicks is currently unemployed and "in financial ruin"; and (7) Plaintiffs do not feel that they "would get a jury in Hawaii that could fully understand the racial injustices and discrimination that [Plaintiffs] endured as African American tenants (homeowners) in Hawaii." (Doc. 15.)

Despite these considerations, as explained below, Plaintiffs have not met their burden of showing that the alternative forum is the more appropriate forum for this action. Tamashiro, 487 F. Supp. 2d at 1165.

### 1. Plaintiffs' Choice of Forum

Normally, a plaintiff's choice of forum is given great deference, but courts have found this factor to be less significant where a plaintiff originally filed

suit in a different district. Reyes v. Schuttenberg, Civ. No. 13-00028 JMS-BMK, 2013 WL 4239110, at *5 (D. Haw. Aug. 14, 2013) (citations omitted); see also Bobosky v. Adidas AG, Civ. No. 10-630 PK, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010) (recognizing that a plaintiff's subsequent choice of venue is less favored because otherwise, "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges").

In this case, Plaintiffs, while already residing in Georgia, filed their action in the District of Hawaii. (See Doc. 1.) Three months later, however, Plaintiffs requested that their action be transferred to the Northern District of Georgia. The only material change in circumstances from the time Plaintiffs' Complaint was filed to the time Plaintiffs requested a transfer is that Deneen Hicks became the sole caregiver of her mother on August 28, 2014, for health issues that have been ongoing since December 2013. (Doc. 15.) Other than this, Plaintiffs give no explanation as to why they originally filed suit in the District of Hawaii, although they were already residing in Georgia. "Where transferring venue would do little more than shift the balance of inconvenience from one party to another, the plaintiff's initial choice of forum is determinative." Orrell v. Motorcarparts of Am., Inc., Civ. No. 06-418 C, 2007 WL 895503, at *3 (Mar. 22, 2007); see also Strong Pharm. Labs., LLC v. Trademark Cosmetics, Inc., Civ. No. 05-3427 RDB,

2006 WL 2033138, at *9 (July 17, 2006) (denying transfer of venue where transferring the action "would accomplish nothing more than shifting the greater burden and inconvenience of trial from [one party] to [the other.]" (citation, internal quotation marks, and brackets omitted)). Thus, the first factor weighs against transfer.

2. **The Parties' Contacts with the Forum**

Plaintiffs resided in Hawaii at the MVP condominium project from November 2008 through February 2012, and subsequently relocated to Georgia. (Doc 1-2.) Plaintiffs allege that during their residency at the MVP, they were subjected to discriminatory terms and conditions of tenancy based upon their race. (Doc. 1-2.) Plaintiffs do not allege that any housing discrimination occurred in Georgia. Thus, there appears to be no pertinent contact between Plaintiff and the Northern District of Georgia related to Plaintiffs' housing discrimination claims. Instead, throughout the course of events that are the subject of this controversy, Plaintiffs resided in Hawaii.

Defendant Association of Apartment Owners of Makaha Valley Plantation is a Hawaii non-profit corporation whose purpose is "to operate and manage the condominium project known as 'Makaha Valley Plantation' located in Waianae, Hawaii." (Doc. 24.) Defendant Hawaii First, Inc., is also a Hawaii

9

corporation with its principal place of business in Honolulu, Hawaii, and has served as the managing agent of the MVP condominium project since May 1, 2010. (Doc 24.) Defendants have no known contacts with the Northern District of Georgia.

Inasmuch as (1) all of the alleged housing discrimination occurred while Plaintiffs were residing at the MVP condominium project in Hawaii; (2) Plaintiffs' contacts with Hawaii in regard to this action significantly outweigh their current contacts with Georgia; and (3) neither Defendant has any contact with the Northern District of Georgia, this factor weighs against transfer.

### 3. Local Interests in the Cause of Action

The public interest in adjudicating a housing discrimination claim against two Hawaii corporations is of specific import to the residents of Hawaii. The Northern District of Georgia arguably has no meaningful ties or interest in the case because all of the events giving rise to the litigation occurred in Hawaii, and not the State of Georgia. Given the nature of the allegations, specifically Plaintiffs' allegations that they were subjected to racial discrimination while residing at the MVP condominium project in Hawaii, the residents of Hawaii have a much greater compelling interest in ensuring that discriminatory housing practices cease to exist in the State of Hawaii than that of the residents of the State of Georgia.

The Court finds that the operative facts occurred within Hawaii and

Hawaii has a particular interest in this case; thus, the local interest factor weighs against transfer.

### 4. Costs of Litigation

The Court recognizes that, because Plaintiffs are no longer residents of Hawaii and have no current ties to Hawaii, litigating this case in Hawaii would be more financially burdensome for Plaintiffs than litigating this case in Georgia. Defendants, however, argue that given the presence of most of the witnesses and exhibits in Hawaii, this factor weighs against transfer. Defendants contend that only three witnesses, the Plaintiffs, are in Georgia, and that the majority of the other witnesses and exhibits are located in Hawaii, including Defendants' current and former employees and/or representatives, current and former employees of MVP's prior managing agent, as well as a number of current and former unit owners at the MVP condominium project. (Doc. 24.)

In light of these considerations, the Court finds that this factor is neutral as both parties would endure some financial burden, although litigating this case in Hawaii would likely be less costly overall than litigating in Georgia.

### 5. Availability of Compulsory Process

Although there is currently no indication that the non-party witnesses to be called in this case would be unwilling to appear at trial in Georgia, these

witnesses, who are located in Hawaii, could not be compelled to appear if this case were transferred to the Northern District of Georgia. See Fed. R. Civ. P. Rule 45.[2] Given the substantial time and expense to non-party witnesses that would be required to travel from Hawaii to Georgia to testify, this factor weighs against transfer.

**6. Ease of Access to Sources of Proof**

Lastly, Defendants argue that all of their records, as well as the records of MVP's former managing agent, are located in Hawaii. (Doc. 24.) Plaintiffs have not addressed the current location of their records; however, Plaintiffs allege that the discriminatory housing practices occurred here in Hawaii. The evidence before this Court suggests that this access to sources of proof factor weighs against transfer.

In sum, having considered the relevant factors, the Court finds that the convenience to the parties and the interests of justice clearly favor retention of this case in the District of Hawaii. Plaintiffs, as the movants, have failed to meet their

---

[2] Federal Rules of Civil Procedure Rule 45 provides, in relevant part,

> **(c) Place of Compliance.**
> **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> **(A)** Within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> **(B)** Within the state where the person resides, is employed, or regularly transacts business in person, if the person
> **(i)** is a party or a party's officer; or
> **(ii)** is commanded to attend a trial and would not incur substantial expense.

burden of showing the Northern District of Georgia is the more appropriate forum for this action. See Television Events & Mktg., Inc., v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 957 (D. Haw. 2006) (citing Jones, 211 F.3d at 499).

CONCLUSION

The Court finds that the District of Hawaii is the proper venue where "the discriminatory housing practice is alleged to have occurred," satisfying the Fair Housing Act's venue provision found in 42 U.S.C. § 3612(i)(2). As alleged, Plaintiffs suffered the effects of the discriminatory housing practices in Hawaii, where they lived at the time. Moreover, the Court finds that the balance of factors regarding convenience and justice weigh in favor of upholding Plaintiffs' original forum choice of the District of Hawaii as the appropriate forum.

Accordingly, the Court finds and recommends that Plaintiffs' Motion to Transfer Venue be DENIED. Any Objection to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 19, 2014.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Hicks, et al. v. Association of Apartment Owners of Makaha Valley Plantation, et al., Civ. No. 14-00254 HG-BMK, FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION TO TRANSFER VENUE.