IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES HICKS, DENEEN HICKS & STACEY HICKS, <br><br> Plaintiffs, <br><br> vs. <br><br> ASSOCIATION OF APARTMENT OWNERS OF MAKAHA VALLEY PLANTATION and HAWAII FIRST, INC., <br><br> Defendants. | CIVIL NO. 14-00254 HG-BMK |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINDING DENYING PLAINTIFFS' MOTION TO TRANSFER VENUE (ECF No. 25), AS MODIFIED**

Findings and Recommendation having been filed and served on all parties on October 20, 2014, and no objections having been filed by any party,

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the Finding of the Magistrate Judge Denying Plaintiffs' Motion to Transfer Venue (ECF No. 25) is adopted. The District Court has substituted its own order to clarify the reasoning behind the denial of the motion.

**ORDER DENYING PLAINTIFFS' MOTION TO TRANSFER VENUE (ECF No. 25)**

Before the Court is Plaintiffs' Charles Hicks, Deneen Hicks, and Stacey Hicks Motion to Transfer Venue, filed August 28, 2014. (ECF No. 15.) Defendants Association of Apartment Owners of

1

Makaha Valley Plantation and Hawaii First, Inc., filed a memorandum in opposition to the Motion on September 23, 2014. (ECF No. 24.) After careful consideration of the Motion, the supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion to Transfer Venue (ECF No. 25) is **DENIED** for the reasons set forth below.

## BACKGROUND

On June 28, 2012, while living in California, Plaintiffs filed a complaint against Defendants alleging housing discrimination under the Fair Housing Act, 42 U.S.C. § 3601 et seq, with the U.S. Department of Housing and Urban Development ("HUD") and the Hawai'i Civil Rights Commission ("HCRC"). (ECF No. 24-5, 24-6.) Plaintiffs alleged "[d]iscriminatory terms, conditions, privileges, or services and facilities," and "[f]ailure to make reasonable accommodation," stemming from:

> (1) Defendants' failure to make satisfactory repairs to the interior of Plaintiffs' condominium unit caused by water leaks from the unit above them, and Defendants' failure to provide Plaintiffs with contact information for the homeowner of the unit above them, which resulted in Plaintiffs having to secure repairs to their unit for which they were not responsible for and having to secure a high-risk insurance policy for their unit;
>
> (2) Defendants' refusal to trim the landscaping that interfered with Plaintiffs' ability to enter and exit their car when parked in their assigned parking space;
>
> (3) Defendants' differential enforcement of the parking rules between Plaintiffs and other "non-Black residents";
>
> (4) Defendants' refusal to provide Plaintiffs with

2

>     identification information of a homeowner whose
>     tenant made "unprovoked, racially-derogatory
>     remarks and physically threatened Charles Hicks";
>     and
>
>     (5) Defendants' failure to make reasonable
>     accommodation to Charles Hicks whose disability
>     makes him particularly sensitive to noise
>     disturbances.

(ECF No. 24-5.)

Plaintiffs maintained that they were discriminated against based upon their race, color, and Charles Hicks' disability. (ECF No. 24-6.) On February 12, 2013, Defendants filed a response to Plaintiffs' HUD and HCRC complaint, which denied all of Plaintiffs' allegations of discrimination and disparate treatment, and argued that Plaintiffs filed their complaint in retaliation for Defendants' attempt to collect past and currently due maintenance fees, fines for prohibited conduct, and related late fees. (ECF No. 24-7.) On February 24, 2014, the HCRC dismissed Plaintiffs' discrimination complaint on the basis of "no cause." (ECF No. 24-8.)

On May 29, 2014, Plaintiffs, appearing pro se, filed the Complaint in this Court alleging housing discrimination on the basis of race while they were residing at the Makaha Valley Plantation ("MVP") condominium project in Hawaii. (ECF No. 1, 24.) Sometime before filing their Complaint in this Court, Plaintiffs became residents of Lithia Springs, Georgia. (ECF No. 1.) In their Complaint, Plaintiffs articulate the same allegations raised in their HCRC and HUD complaint, and allege, inter alia, that Defendants failed to make satisfactory repairs

to the interior of their unit after water leaked from the unit above them, and Defendants failed to provide Plaintiffs with contact information of other homeowners within the MVP condominium project. (ECF No. 1.) Plaintiffs further allege that Defendants' acts and omissions caused them to be "homeless and penniless." (ECF No. 1.) Plaintiffs seek $500,000 in actual damages and $2.5 million in punitive damages. (ECF No. 1.)

On August 28, 2014, Plaintiffs filed a "Request to Transfer Case," which this Court has construed as a Motion for Transfer of Venue. (See ECF No. 19.) Plaintiffs seek to transfer this action from this Court to the United States District Court for the Northern District of Georgia. (ECF No. 15.) On September 23, 2014, Defendants filed an Opposition arguing that Plaintiffs' case could not have been brought in Georgia and that a balance of the relevant factors "weighs heavily in favor of Hawaii as the forum." (ECF No. 24.)

## LEGAL STANDARD

**Standard for Motion to Transfer Venue**

The standard for a motion to transfer venue is set forth in 28 U.S.C. § 1404(a). Section 1404(a) of Title 28 of the United States Code provides,

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a) (emphasis added).

4

"Before a court may transfer venue under 28 U.S.C. § 1404, it must find that: (i) the action is one that might have been brought in the transferee court and (ii) the convenience of the parties and the interest of justice favor the transfer." Caltex Plastics, Inc. v. Great Pacific Packaging, Inc., Civ. No. 14-2794 RSWL (JEMx), 2014 WL 4060144, at *1 (C.D. Cal. Aug. 12, 2014); see Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

As to the first inquiry under 28 U.S.C. § 1404, an action is one that "might have been brought in the transferee court" if venue would have been proper. See Caltex Plastics, Inc., 2014 WL 4060144, at *2 (citing E. & J. Gallo Winery v. F. & P. S.p.A., 899 F.Supp. 465, 466 (E.D.Cal. 1994) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)). This means that "[a]n action may not be transferred to a district where venue would have been improper if it originally had been filed there." See Lax v. Toyota Motor Corporation, Case No. 14-cv-01490-WHO, 2014 WL 3973482, at *1 (N.D.Cal. Aug. 14, 2014)(citing 28 U.S.C. § 1404(a) and Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)). The Court need not reach the second inquiry under 28 U.S.C. § 1404 if the transferee court is one in which the action could not have been brought.

## DISCUSSION

### I. The Action Could Not Have Been Brought in the Northern District of Georgia

5

Plaintiffs seek to transfer the action to the Northern District of Georgia.  In their Motion, Plaintiffs describe a number of reasons why it is difficult for them to litigate the case in Hawaii.  (ECF No. 15.)  While the Court recognizes the difficult circumstances the Plaintiffs allege, the Court is unable to consider those reasons in deciding whether the action can be transferred to the Northern District of Georgia.  Under the applicable legal standard, a court cannot transfer an action unless both prongs of the inquiry under 28 U.S.C. § 1404 are satisfied.

Plaintiffs cannot satisfy the first prong of the inquiry under 28 U.S.C. § 1404 – that the action "might have been brought" in the transferee court.  This action could not have been brought in the Northern District of Georgia because venue is not proper there.  See 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 111.12[1][b], fn. 6 ("Transfer court must be one in which action properly could have been filed originally") (3d ed. 2014).

All of Plaintiffs' claims arise under the Fair Housing Act, 42 U.S.C. § 3601, et seq. (See ECF No. 24-6.)  The Fair Housing Act, Section 3613 of Chapter 42 of the United States Code, allows an aggrieved person to bring a civil action "in an appropriate United States district court . . . ."  42 U.S.C. § 3613(a)(1)(A).  An appropriate court, and one in which this action might have been brought, is a court in which venue is proper.

Venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. 28 U.S.C. § 1391(b)(1). Venue is also proper in a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2).

Here, venue is not proper in the Northern District of Georgia under 28 U.S.C. § 1391(b)(1) because neither Defendant is a resident of Georgia. Both Defendants Association of Apartment Owners of Makaha Valley Plantation and Hawaii First, Inc. are residents of Hawaii. Both Defendants are Hawaii corporations. Defendant Association of Apartment Owners of Makaha Valley Plantation operates and manages the condominium project known as Makaha Valley Plantation, located in Waianae, Hawaii. (ECF. No. 24-11.) Defendant Hawaii First, Inc. is the managing agent of the Association of Apartment Owners of Makaha Valley Plantation and has its principle place of business in Honolulu, Hawaii. (ECF. No. 24-1, Declaration of Richard B. Emery.)

Venue is not proper in the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because all of the events giving rise to Plaintiffs' claims occurred in Hawaii. Plaintiffs allege that the discriminatory housing practices occurred during their residency at the Makaha Valley Plantation condominium project. None of the events giving rise to Plaintiffs' claims occurred in Georgia.

Plaintiffs cannot satisfy the first prong of the Section 1404(a) analysis because this case could not have been brought in the Northern District of Georgia.  Plaintiffs do not seek to transfer this action to a court in which it might have been brought.  Venue is not proper in the Northern District of Georgia.  As such, the Court need not consider the second inquiry – convenience of the parties and interests of justice – under 28 U.S.C. § 1404.

## CONCLUSION

Plaintiffs' Motion to Transfer Venue (ECF No. 25) is **DENIED**.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 21, 2014.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

_____
_____

Hicks, et al. v. Association of Apartment Owners of Makaha Valley Plantation, et al., Civ. No. 14-00254 HG-BMK, **ORDER ADOPTING MAGISTRATE JUDGE'S FINDING DENYING PLAINTIFFS' MOTION TO TRANSFER VENUE (ECF No. 25), AS MODIFIED**