IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CHARLES A. HICKS; DENEEN HICKS; )  CIV. NO. 14-00254 HG-BMK
STACY HICKS,               )
                        )
        Plaintiffs,   )
                        )
                        )
      vs.           )
                        )
                        )
MAKAHA VALLEY PLANTATION    )
HOMEOWNERS ASSOCIATION; HAWAII )
FIRST, INC.,             )
                        )
        Defendants.   )

**ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL OF ALL CLAIMS AGAINST DEFENDANTS MAKAHA VALLEY PLANTATION HOMEOWNERS ASSOCIATION AND HAWAII FIRST, INC. (ECF No. 28) WITH LEAVE TO AMEND**

Plaintiffs Charles A. Hicks, Deneen Hicks, and Stacy Hicks, proceeding pro se, complain that Defendants Makaha Valley Plantation Homeowners Association and Hawaii First, Inc. discriminated against them.  They claim discrimination based on their race, African-American, and Mr. Hicks' disability, in violation of the Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act.  Defendants are the homeowners association and the management company for Makaha Valley Plantation condominiums where Plaintiffs resided.

1

Defendants move to dismiss for failure to state a claim. Defendants' Motion for Dismissal (ECF No. 28) is **GRANTED WITH LEAVE TO AMEND**.

## PROCEDURAL HISTORY

On May 29, 2014, Plaintiffs Charles A. Hicks, Deneen Hicks, and Stacy Hicks, proceeding pro se, filed their Complaint. (ECF No. 1.)

On November 28, 2014 Defendants Makaha Valley Plantation Homeowners Association and Hawaii First Inc. filed their Motion for Dismissal of All Claims Against Defendants Makaha Valley Plantation Homeowners Association and Hawaii First Inc. (ECF No. 28.)

On December 17, 2014, Plaintiffs submitted a one a letter to the Court regarding "Opposition to Motion for Dismissal". In the letter, Plaintiff Deneen Hicks stated that she intended "to submit an answer to the court (a reply) on or before Jan. 8, 2015." (ECF No. 33.)

On December 18, 2014, the Court entered a Minute Order giving Plaintiffs additional time, until January 8, 2015, to file an Opposition and extending Defendants time to file a reply until January 19, 2015. (ECF No. 32.)

On January 8, 2015, Plaintiffs filed an Opposition to Defendants Makaha Valley Plantation Homeowners Association and Hawaii First Inc.'s Motion for Dismissal of All Claims Against

2

Defendants Makaha Valley Plantation Homeowners Association and Hawaii First Inc. (ECF No. 34.)

On January 19, 2015, Defendants filed their reply. (ECF No. 36.)

Pursuant to Local Rule 7.2(d), the Court has elected to decide this matter without a hearing.

## BACKGROUND

Plaintiffs Charles A. Hicks and Deneen Hicks are a married couple and Plaintiff Stacey Hicks is their daughter. (Compl., ECF No. 1.) Mr. and Mrs. Hicks also have a son named Thomas, who is not named as a plaintiff. (Id.) Accordingly to the Complaint, Mr. and Mrs. Hicks, and their children, are "African-American/Black". (Id.)

Plaintiffs allege that on November 11, 2008, they purchased a condominium at Makaha Valley Plantation located in Waianae, Hawaii. (Id.) Plaintiffs, Mr. and Mrs. Hicks, and their two children, resided at Makaha Valley Plantation "since about February 2012." (Id.)[1] Plaintiffs now reside in Georgia. (ECF No. 15.)[2]

---

[1] Based on the other allegations in Plaintiffs' Complaint, Plaintiffs presumably mean "until" not "since". Later in their Complaint, Plaintiffs allege that, in February 2012, they were forced to seek alternative housing. The record also shows that Plaintiffs are now living in Georgia.

[2] Plaintiffs filed a request to transfer this case to Georgia. (ECF No. 15.) The Court denied Plaintiffs' motion to

Defendant Makaha Valley Plantation Homeowners Association is the homeowners association for the condominium. (Def. Opposition at Exh. B, ECF No. 28-4.) Defendant First Hawaii, Inc. is the management company for Makaha Valley Plantation Homeowners Association. (Def. Opposition at Exh. B, ECF No. 28-4.)

Plaintiffs allege that since moving to Makaha Valley Plantation they have been subject to discrimination based on their race. (Compl., ECF No. 1.) Plaintiffs generally describe a number of allegedly discriminatory terms and conditions. Plaintiffs allege that Defendants[3] failed to make satisfactory repairs to the interior of their unit. (Id.) Plaintiffs also allege that Defendants failed to provide them with the "contact data for the homeowner above whose tenant caused water damage to [their] unit." (Id.) According to the Complaint, there was more than one water damage incident. (Id.) Plaintiffs allege that they suffered damages as a result of Defendants' failure to provide the contact information for the owner of the unit above them. (Id.) According to the Complaint, because of Defendants' "refusal to provide the contact data for the homeowner above

_____

transfer venue because all Defendants reside in Hawaii and all actions giving rise to the claims in Plaintiffs' Complaint occurred in Hawaii. (ECF No. 27.)

[3] Plaintiffs use the terms "Complainants" and "Respondents". (See Compl. ECF No. 1.) When referring to Plaintiffs' Complaint, the Court has changed Plaintiffs' reference from "Complainants" to "Plaintiffs" and from "Respondents" to "Defendants" where appropriate.

[their] unit" Plaintiffs had to make claims against their own insurance company for repairs and because of the repeated water damage claims Plaintiffs had to pay for a high-risk insurance policy which cost them substantially more. (<u>Id.</u>)

Plaintiffs allege discriminatory conduct by a tenant at Makaha Valley Plantation condominiums. Plaintiffs allege that, on November 11, 2011, a tenant made unprovoked, racially-derogatory remarks and physically threatened Charles Hicks. Plaintiffs further allege that Defendants "and its agents" refused to provide Plaintiffs with the name of the owner of the unit where the tenant lived. (<u>Id.</u>) Plaintiffs allege that they wanted this information in order to obtain a restraining order against the tenant. (<u>Id.</u>)

Plaintiffs' Complaint also contains allegations pertaining to discrimination under the federal Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act based on disability. Plaintiffs allege that Mr. Hicks has a disability as defined by the federal Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act. (<u>Id.</u>) Plaintiffs do not state or otherwise describe the nature of Mr. Hicks' disability, but allege that he has a disability that makes him particularly sensitive to noise disturbances. (<u>Id.</u>) According to the Complaint, Plaintiff Deneen Hicks informed Defendants that she needed the owner of the offending tenant's

unit to be notified of the noise disturbances being made by his tenant. (Id.) Although unclear, Plaintiffs appear to allege that they requested that Defendants provide this information to Plaintiffs as a reasonable accommodation for Mr. Hicks' disability. (Id.) According to Plaintiffs, Mr. Hicks was entitled to a "reasonable accommodation of a quiet environment." (Id.) Plaintiffs allege that because of the lack of a quiet environment, they were unable to continue living at Makaha Valley Plantation and, in February 2012, were forced to seek alternative housing. (Id.)

Finally, Plaintiffs make a general allegation about further discriminatory practices by Defendants. Plaintiffs allege that, on April 1, 2012, Plaintiff Stacy Hicks returned to the property and was subject to discriminatory practices by Defendants. (Id.) Plaintiffs do not state any additional facts about this alleged incident.

Plaintiffs conclude their Complaint by alleging that "to the best of their knowledge, non-Black residents/renters at the subject property have not been similarly subjected to such discriminatory terms and conditions of tenancy." (Id.) Plaintiffs seek $500,000 in actual damages and $2.5 million in punitive damages. (Id.)

Prior to filing their May 29, 2014 Complaint in this Court, Plaintiffs filed complaints with the U.S. Department of Housing

and Urban Development ("HUD") and the Hawaii Civil Rights Commission ("HCRC"). (Def. Motion at Exhibits B and C, ECF No. 28-4 and 28-5).[4] HUD referred the matter to the HCRC for investigation. (Id.) On February 12, 2014, HCRC issued a "Notice of Dismissal and Right to Sue" letter. (Def. Opposition at Exh. D, ECF No. 28-6.) The HCRC dismissed the case on the basis of no cause. (Id.)

Plaintiffs' HUD/HCRC complaints contains the same allegations made by Plaintiffs in their Complaint filed in this Court. Plaintiffs' HUD/HCRC complaints also describe two additional, allegedly discriminatory incidents. Plaintiffs' HUD/HCRC complaints complain that Defendants refused Plaintiffs' requests to trim the landscaping that interfered with their access to their parking spot. (Def. Motion at Exhibits B and C, ECF No. 28-4, 28-5.) Plaintiffs also complained that Defendants enforced parking rules against them that they did not enforce against non-Black residents. (Id.) Plaintiffs do not include

_____

[4] Pursuant to Fed. R. Evid. 201(b), the Court takes judicial notice of Exhibits B, C, and D (ECF No. 28-4, 28-5, and 28-6), attached to Defendants' Motion as public records whose accuracy is not in dispute. See Anderson v. Holder, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies."); Gallo v. Board of Regents of University of California, 916 F.Supp. 1005, 1007 (S.D. Cal. 1995) ("The Court may consider both the EEOC right to sue letter and the EEOC charge, either as referenced in the complaint or as public records subject to judicial notice.").

these allegations in their Complaint filed in this Court.  The Court therefore does not consider these allegations in ruling on Defendants' motion to dismiss.

**STANDARD OF REVIEW**

**Motion to Dismiss**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).

The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court
clarified that the principles announced in Twombly are applicable
in all civil cases. 129 S.Ct. 1937 (2009). The Court stated
that "the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me-accusation." Id.
at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion
to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on
its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. Id. (citing
Twombly, 550 U.S. at 556). The plausibility standard is not akin
to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully. Id. (quoting
Twombly, 550 U.S. at 556). Where a complaint pleads facts that
are "merely consistent with" a defendant's liability, it "stops
short of the line between possibility and plausibility of

9

'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex. rel Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

**Pro Se Plaintiff**

The Court construes the Complaint liberally because Plaintiffs are proceeding pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## ANALYSIS

Defendants contend that Plaintiffs' Complaint fails to state a claim for race or disability discrimination. Plaintiffs' Complaint references two laws, the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*. and Hawaii's state law counterpart, the Hawaii Discrimination in Real Property Transactions Act, Hawaii Revised Statutes, Chapter 515 ("HDRPTA").

The Fair Housing Act, 42 U.S.C. § 3617 provides:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.

Section 3604 of Title 42 prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

The Fair Housing Act also prohibits discrimination based on disability. Under the Fair Housing Act it is unlawful to "discriminate against any person ... in the provision of services or facilities in connection with [his] dwelling, because of a handicap" of that person or any person associated with that person. 42 U.S.C. § 3604(f)(2).

The Hawaii Discrimination in Real Property Transactions Act ("HDRPTA"), Hawaii Revised Statutes, Section 515-16 similarly prohibits discrimination based on race or disability. HDRPTA, Section 515-16(6) states that it is a discriminatory practice:

To threaten, intimidate or interfere with persons in their enjoyment of a housing accommodation because of the race, sex, including gender identity or expression, sexual orientation, color, religion, marital status, familial status, ancestry, disability, age, or human immunodeficiency virus infection of the persons, or of

visitors or associates of the persons.

Haw. Rev. Stat. § 515-16(6).

Section 515-3 of the HDRPTA also makes it a discriminatory practice for owners or any other person engaging in a real estate transaction "[t]o refuse to make reasonable accommodations in rules, policies, practices, or services, when the accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a housing accommodation".  Haw. Rev. Stat. § 515-3(11).

## A.    Lack of Specificity as to Defendants' Actions

Plaintiffs' Complaint contains allegations against "Respondents".  Plaintiffs Complaint names two defendants, Makaha Valley Plantation Homeowner's Association, the condominium homeowners' association, and Hawaii First, Inc., the condominium's management company.  Defendants are separate entities.  Plaintiffs' Complaint lumps both Defendants together. The board of directors of a homeowners association has various responsibilities to owners and tenants.  The management agency for a condominium has various responsibilities to the homeowners' association as well as to the owners and tenants.  The Complaint does not contain sufficient factual allegations as to what responsibilities either the homeowners' association or the management company have breached as to the Plaintiffs.  The Complaint also lacks sufficient information as to how Plaintiffs

informed either Makaha Valley Plantation or Hawaii First, Inc., or both, of their concerns regarding lack of repairs to their unit and the conduct of other tenants. The Complaint does not state who Plaintiffs contacted, when Plaintiffs contacted them, and by what means. Plaintiffs' Complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. As pled, Plaintiffs have not given Defendants fair notice of the allegations against them. Plaintiffs have not made clear if either, or both Defendants are responsible for the allegedly unlawful conduct described in Plaintiffs' Complaint. Plaintiffs' Complaint must set forth factual allegations explaining how *each* Defendant allegedly violated the law.

Plaintiffs' Complaint is dismissed, without prejudice, based on this ground alone. Plaintiffs are given leave to amend to set forth allegations explaining how each Defendant allegedly violated the law.

**B.    Race Discrimination Claim**

The Fair Housing Act makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race [or] color." 42 U.S.C. § 3604(b).

To assert a Fair Housing Act claim, plaintiffs must allege

13

that (1) they have rights protected under the Fair Housing Act;
(2) defendants have engaged in discriminatory conduct; and (3) as
a result of the defendants' discriminatory conduct, plaintiffs
have suffered a distinct and palpable injury.  See <u>Harris v.
Itzhaki</u>, 183 F.3d 1043, 1051 (9th Cir. 1999).

The Court address each of Plaintiffs' allegations based on
race discrimination, in turn.

### 1.  Failure to make satisfactory repairs

Plaintiffs allege that Defendants discriminated against them
by failing to make satisfactory repairs to the interior of
Plaintiffs' unit. At the end of their Complaint, Plaintiffs make
the general allegation that other non-Black residents have not
been "similarly subjected to discriminatory treatment."

To state a claim, Plaintiffs must make some allegations
that, if proven, could show that either Makaha Valley Plantation
or Hawaii First, Inc. had a duty to make repairs and failed to
make satisfactory repairs because of their race. Put another way,
there must be some causal link or connection between Defendants'
actions and Plaintiffs' race.

Plaintiffs may state a discrimination claim by alleging that
they have been treated differently than similarly situated non-
Black residents.  See <u>Harris v. Itzhaki</u>, 183 F.3d 1043, 1051 (9th
Cir. 1999) (plaintiff can establish a Fair Housing Act claim
under a theory of disparate treatment or disparate impact). Here,

Plaintiffs' generalized and conclusory allegation is insufficient to support their race discrimination claim based on Defendants failure to make satisfactory repairs.  To state a claim Plaintiffs would need to allege not only that a particular defendant had a duty to and failed to satisfactorily repair Plaintiffs' unit, but that the defendant satisfactorily repaired the unit or units of non-Black residents.  <u>See</u> <u>Haynes v. R.W. Selby & Co., Inc.</u>, 338 Fed.Appx. 694, 695, 2009 WL 2191246, at *1 (9th Cir. 2009)(plaintiffs' allegations that defendants discriminated against him by increasing his rent after learning he was African American and Muslim, and that he suffered injuries may be sufficient to state a claim under the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq*.)  Plaintiffs make no such allegation.

Plaintiffs' race discrimination claim based on failure to satisfactorily repair Plaintiffs' unit is dismissed without prejudice.  Plaintiff is given leave to amend to add sufficient allegations to state a claim for violation of the Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act.

**2.   Failure to provide contact data for owner of unit causing water damage to Plaintiffs' unit**

Plaintiffs allege that Defendants discriminated against them by failing to provide the name of the owner of a unit whose tenant caused water damage to Plaintiffs' unit.  As with their

other claims, Plaintiffs fail to specify which Defendant allegedly failed to provide this information.  Plaintiffs also fail to state how this alleged failure constitutes racially discriminatory conduct. Plaintiffs have not alleged facts which would show that Defendants failed to provide this information because of Plaintiffs' race or that would otherwise give rise to the inference that Defendants discriminated against them.

### 3.    November 11, 2011 racially derogatory remark by tenant

Plaintiffs allege that Defendants discriminated against them by failing to provide the name of the owner of a unit whose tenant made racially derogatory remarks to Mr. Hicks.  As with their other claims, Plaintiffs fail to specify which Defendant allegedly failed to provide this information.  To state a claim, Plaintiffs must allege further facts.  The Complaint must contain more information about the conduct of the homeowners association or the management company, or both, concerning their alleged engagement in discriminatory conduct.  Even if the underlying theory is neglect of Plaintiffs by the Defendants, more particularity as to the parties' actions is necessary.

### 4.    April 1, 2012 discriminatory practices

Plaintiffs allege that on April 1, 2012, Plaintiff Stacey Hicks returned to the property and was subject to discriminatory practices.  This allegation is vague and conclusory.  Plaintiffs do not allege what practices Stacey was subjected to, how those

practices were discriminatory, or who (which Defendant) engaged in such practices.

### 5. Conclusion as to discrimination claim based on race

For these reasons, Plaintiffs have failed to state a claim for race discrimination under the Fair Housing Act or the Hawaii Discrimination in Real Property Transactions Act. Plaintiff is given leave to amend to add sufficient allegations to state a claim for violation of the Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act.

## C. Discrimination Claims Based on Failure to Provide Reasonable Accommodation

The Fair Housing Act makes it unlawful to "discriminate against any person ... in the provision of services or facilities in connection with [his] dwelling, because of a handicap" of that person or any person associated with that person. 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling...." 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204. "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." DuBois v. Association of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir.

2006)(quoting <u>United States v. California Mobile Home Park Mgmt.</u>
<u>Co.</u>, 107 F.3d 1374, 1380 (9th Cir.1997) (citations omitted)).

For a discrimination claim based on the failure to provide a reasonable accommodation, a plaintiff is required to show that: (1) he suffers a handicap as defined by the Fair Housing Act; (2) defendants knew or should have known of plaintiff's handicap; (3) accommodation "may be necessary" to afford the plaintiff "an equal opportunity to use and enjoy the dwelling"; and (4) defendants refused to make such an accommodation. 42 U.S.C. § 3604(f)(3)(B). <u>See</u> <u>Roman v. Jefferson at Hollywood LP</u>, 495 Fed.Appx. 804, 805, 2012 WL 5351249, at *1 (9th Cir. 2012).

Plaintiffs have failed to state a disability discrimination claim under the Fair Housing Act because they have failed to allege facts that show that the first element is satisfied. Plaintiffs make the conclusory allegation that Plaintiff Mr. Hicks' has a disability as defined by the federal Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act. (Compl., ECF No. 1.)  Plaintiffs allege that Mr. Hicks' disability makes him particularly sensitive to noise disturbances.  Plaintiffs do not state or otherwise describe the nature of Mr. Hicks' disability. Both the Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act

define a handicap[5] as: a physical or mental impairment which substantially limits one or more major life activities, having a record of such impairment, or being regarded as having such an impairment. 42 U.S.C. § 3602(h)(1); Haw. Rev. Stat. § 515-2. "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." <u>Bezi v. Camacho</u>, 2014 WL 2215911, at *6 (C.D. Cal. May 23, 2014)(quoting 28 U.S.C. § 12102(2)(A)). "'Major life activities'" also include, 'the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.'" <u>Id.</u> (quoting 28 U.S.C. § 12102(2)(B)).

Not only do Plaintiffs fail to allege the nature of Mr. Hicks' disability, but they fail to allege how it substantially limits one or more of his major life activities. <u>See</u> <u>Burgess v. Alameda Housing Authority</u>, 98 Fed.Appx. 603, 606, 2004 WL 958004, at *2 (9th Cir. 2004) ("To state a claim of disability

---

[5] The term "handicap" and "disability" may be used interchangeably. <u>See</u> <u>Bezi v. Camacho</u>, 2014 WL 2215911, at *6 (C.D. Cal. May 23, 2014) (noting that the definition of "handicap" in the Fair Housing Act is the same as the definition of "disability" as provided in the Americans with Disabilities Act).

discrimination, a plaintiff must allege some disability that would meet the statutory requirements.") In <u>Burgess</u>, 98 Fed.Appx. at 606, 2004 WL 958004 at *2, for instance, the Court found that plaintiff had "barley" alleged a disability based discrimination claim under the Fair Housing Act where she alleged that she was "often sick" and that she is at times "unable to do much of anything". Plaintiffs' Complaint contains no such allegation.

To state a claim for disability discrimination based on failure to provide a reasonable accommodation, Plaintiffs must also allege facts which could establish the other elements of such a claim.

The second element is that Defendants knew or should have known of the disability. Plaintiffs do not allege that either Makaha Valley Plantation or Hawaii First, Inc. knew, or should have known, that Mr. Hicks had a disability. Plaintiffs, for instance, do not allege that they informed either Makaha Valley Plantation or Hawaii First, Inc. of the nature of Mr. Hicks' disability. Nor do Plaintiffs allege facts that would show that Mr. Hicks' disability was otherwise obvious. Rather, Plaintiffs allege only that Mrs. Hicks requested that Defendants provide her with the contact information for the unit owner of the offending tenant, presumably to tell the unit owner to tell the tenant to be quieter. Plaintiffs do not allege that they requested that

Defendants do anything other than provide contact information. A request for contact information is not a request for a reasonable accommodation.

The third element requires Plaintiffs to allege facts which show that an accommodation may be necessary to afford Mr. Hicks an equal opportunity to use and enjoy the dwelling. Plaintiffs refer to the "reasonable accommodation of a quiet environment". (Compl., ECF No. 1.) Again, Plaintiffs do not allege that they requested that Defendants secure a "quiet environment" as a reasonable accommodation.

Plaintiffs must also allege facts to show that the request for an accommodation was both reasonable and possible. See Roman v. Jefferson at Hollywood LP, 495 Fed.Appx. 804, 805-806, 2012 WL 5351249, at *1 (9th Cir. 2012); see also Giebeler v. M & B Assocs., 343 F.3d 1143, 1156 (9th Cir. 2003) (holding that a plaintiff alleging Fair Housing Act reasonable accommodation discrimination has the burden to show reasonableness or possibility of accommodations). According to the Complaint, it was another tenant, not Defendants, who was allegedly causing harm to Mr. Hicks. Plaintiffs have not alleged facts which could establish a causal link between either Makaha Valley Plantation or Hawaii First, Inc.'s actions and the fact that Mr. Hicks was allegedly deprived of a quiet environment.

Finally, Plaintiffs have not alleged facts to support a

showing as to the fourth element of a discrimination claim based on Defendants' failure to reasonably accommodate Mr. Hicks. Plaintiffs have not set forth sufficient facts to show that they requested that Defendants make an accommodation, much less that Defendants, after having received Plaintiffs' request, refused to make one. Again, Mrs. Hicks' request for contact information is not a request for a reasonable accommodation.

For these reasons, Plaintiffs have failed to state a claim for disability discrimination under the Fair Housing Act or the Hawaii Discrimination in Real Property Transactions Act. Plaintiff is given leave to amend to add sufficient allegations to state a claim for violation of the Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act based on disability discrimination for failure to provide a reasonable accommodation.

<u>**CONCLUSION**</u>

Defendants' Motion to Dismiss (ECF No. 28) is **GRANTED WITH LEAVE TO AMEND**.

Plaintiffs may file an Amended Complaint by Friday, March 6, 2015.

Plaintiffs are given leave to amend to add sufficient allegations to state a claim for:

Violation of the Fair Housing Act and the Hawaii

22

Discrimination in Real Property Transactions Act based on race discrimination; and

Violation of the Fair Housing Act and the Hawaii Discrimination in Real Property Transactions Act based on disability discrimination for failure to provide a reasonable accommodation.

The Amended Complaint must conform to the rulings contained in this Order. Failure to file an Amended Complaint consistent with this Order by Friday, March 6, 2015, will result in dismissal of the entire matter.

IT IS SO ORDERED.

DATED: January 23, 2015, Honolulu, Hawaii.



_/s/ Helen Gillmor_____

Helen Gillmor
United States District Judge

---

Charles Hicks, et al v. Makaha Valley Plantation Homeowners Association, et al.; Civ. No. 14-00254 HG-BMK; **ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL OF ALL CLAIMS AGAINST DEFENDANTS MAKAHA VALLEY PLANTATION HOMEOWNERS ASSOCIATION AND HAWAII FIRST, INC.(ECF No. 28) WITH LEAVE TO AMEND.**

23