IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Charles Hicks; Deneen Hicks; and Stacey Hicks, | ) ) ) | Civil No. 14-00254HG-KJM |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Association of Apartment Owners of Makaha Valley Plantation; and Hawaii First, Inc., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**TRIAL PROCEDURE ORDER**
**DEFENDANTS' MOTIONS IN LIMINE NOS. 1, 2, 4, 5, 6, 7, and 9**

Defendants Association of Apartment Owners of Makaha Valley Plantation and Hawaii First, Inc. (collectively, "Defendants") have filed 11 motions in limine.

On July 1, 2016, the Court held a Final Pre-Trial Conference, during which the Court rendered oral rulings on motions in limine nos.  1, 2, 4, 5, 6, 7, and 9.  (ECF No. 135). This written order sets forth the Court's rulings issued at the Final Pre-Trial Conference on July 1, 2016.


**Motion in Limine No. 1 (ECF No. 105)**

Defendants seek to exclude any evidence that they may have liability insurance coverage.

1

Federal Rule of Evidence 411 requires the exclusion of evidence that a defendant was insured against liability when that evidence is offered for the purposes of proving the defendant's wrongful conduct.  Fed. R. Evid. 411.

Evidence of liability insurance is also excluded pursuant to Federal Rules of Evidence 401 and 403.

Pursuant to Federal Rule of Evidence 401(a), evidence is relevant if it has a tendency to make a fact more probable or less probable than it would be without the evidence.

Plaintiffs have not set forth any reason to introduce proof of liability insurance.  (See Plas. Memo. in Opp. to Defs. Motion in Limine No. 1, ECF No. 125-1).

Relevant evidence is inadmissible when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Evidence of a defendant's financial status or ability to pay is generally not relevant to the issue of compensatory damages and is unfairly prejudicial because the purpose of compensatory damages is to make the plaintiff whole and is not dependent on the wealth of the defendant.  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

Evidence of liability insurance is not relevant in this

case, it confuses the issues, and it misleads the jury.  Evidence of liability insurance tends to alter the jurors' assessment of damages, which unfairly prejudices the parties.  See Posttape Assocs. v. Eastman Kodak Co., 537 F.2d 751, 758 (3d Cir. 1976); Garnac Grain Co. v. Blackley, 932 F.2d 1563, 1570 (8th Cir. 1991).

Defendants' Motion in Limine No. 1 is **GRANTED.**

Plaintiffs are precluded from introducing any testimony, evidence, argument, or other reference that Defendants may be insured against liability.


**Motion in Limine No. 2 (ECF No. 107)**

Defendants seek to exclude any evidence of settlement negotiations between the Parties.

Federal Rule of Evidence 408 generally excludes evidence of matters pertaining to settlement negotiations.  Fed. R. Evid. 408(a); Nguyen v. Dep't of Navy, 412 Fed. Appx. 926, 929 (9th Cir. 2011).

Federal Rule of Evidence 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail.  Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1161 (9th Cir. 2007).

Plaintiffs have not established that evidence concerning the Parties' settlement discussions is admissible pursuant to the Federal Rules of Evidence.  (<u>See</u> Plas. Memo. in Opp. to Defs. Motion in Limine No. 2, ECF No. 126-1).  Information concerning the Parties' settlement negotiations is irrelevant to Plaintiffs' claims of discrimination.

Defendants' Motion in Limine No. 2 is **GRANTED.**

Plaintiffs are precluded from introducing any testimony, evidence, argument, or other reference to settlement negotiations.

## Motion in Limine No. 4 (ECF No. 108)

Defendants seek to exclude evidence regarding the stabbing death of a black veteran that occurred in 2011 at the condominium community consisting of 572 units where Plaintiffs resided. Plaintiffs claim that the evidence is relevant because it demonstrates that the Defendants were aware of hostility and discrimination against African-Americans in the housing complex. (Plas. Memo. In Opp. to Defs Motion in Limine No. 4, ECF No. 127-1).

Relevant evidence is inadmissible when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Evidence is unfairly prejudicial when its probative value is outweighed because of its ability to appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions. Weinstein's Fed. Evid. § 403.04[1][c]; Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1014 (9th Cir. 1999); United States v. Brady, 579 F.2d 1121, 1129 (9th Cir. 1978).

Plaintiffs have not established that the evidence of the stabbing death is relevant to establish their causes of action. The evidence appears to be of limited probative value that is outweighed by the emotional reaction that the evidence of a stabbing death would provoke.

In addition, such evidence confuses the issues and misleads the jury.  See Manuel v. City of Chicago, 335 F.3d 592, 597 (7th Cir. 2003) (evidence of other acts of discrimination based on assertions that the witness believed the plaintiff's supervisor was a racist was excluded because its slight probative value was outweighed by the potential for juror confusion); Javier v. City of Milwaukee, 670 F.3d 823, 832, n. 8 (7th Cir. 2012).

Defendants' Motion in Limine No. 4 is **GRANTED**.

Plaintiffs are precluded from introducing any testimony, evidence, argument, or other references to the stabbing death of a black veteran that occurred in 2011.

If Plaintiffs wish to raise the issue again, they must provide the Court with notice of evidence that would establish the stabbing incident's relevance to their discrimination claims against Defendants.


**Motion in Limine No. 5 (ECF No. 109)**

Defendants seek to prevent Plaintiffs from referencing other housing lawsuits or disputes.  Plaintiffs have not filed an Opposition to Defendant's Motion in Limine No. 5.

Evidence that is irrelevant or has a probative value that is substantially outweighed by the danger of unfair prejudice may be precluded from admission.  Fed. R. Evid. 402; 403.

Information relating to other housing lawsuits or legal disputes is not relevant in this case and would be highly prejudicial.  See, e.g., Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001) (upholding exclusion at trial of evidence of plaintiffs' other pending lawsuits); Reddy v. Nuance Commc'ns, Inc., No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *1-2 (N.D. Cal. Aug. 5, 2015) (granting motion to exclude disclosure of prior lawsuits).  McLeod v. Parsons Corp., 73 F. App'x 846, 853-54 (6th Cir. 2003).  Such evidence has no

likelihood of proving any material facts relevant to Plaintiffs'
claims.  <u>Khan v. H & R Block E. Enter., Inc.</u>, No. 11-20217-CIV,
2011 WL 4715201, at *1 (S.D. Fla. Oct. 5, 2011).  Information
concerning other housing lawsuits or disputes would also mislead
the jury, confuse the issues, and cause undue delay.  Fed. R.
Evid. 403.

Defendants' Motion in Limine No. 5 is **GRANTED.**

Plaintiffs are precluded from introducing any testimony,
evidence, argument, or other reference to other housing lawsuits
and legal disputes.


**Motion in Limine No. 6 (ECF No. 110)**

Defendants wish to preclude Plaintiffs from calling Hawaii
Civil Rights Commission ("HCRC") Investigator Scott Brown
("Investigator Brown"), and to exclude a government report
documenting an investigatory interview with Plaintiff Deneen
Hicks.

**(a)  HCRC Investigator Scott Brown**

Federal Rule of Evidence 602 provides that a lay witness may
testify only about matters on which he has first-hand knowledge.
Fed. R. Evid. 602.  The witness's testimony must be based on
events perceived through one of the five senses.  A lay witness
generally cannot testify as to hearsay.  Fed. R. Evid. 802.
Hearsay is defined as "a statement made by an out-of-court

7

declarant when it is offered at trial to prove the truth of the matter asserted." <u>United States v. Torres</u>, 794 F.3d 1053, 1059 (9th Cir. 2015), <u>cert. denied</u>, No. 15-6793, 2016 WL 2842486 (U.S. May 16, 2016) (citing Fed. R. Evid. 801(c), 802).

Plaintiffs' Witness List indicates that Investigator Brown is due to testify "regarding the HCRC Investigation." (Plas. Witness List, p. 4, ECF No. 115). Plaintiffs assert that Invesitgator Brown has first-hand knowledge about the HCRC investigation process. (Plas. Opp. to Defs. Motion in Limine No. 6, ECF No. 128).

Plaintiffs have not shown that Investigator Brown has first-hand knowledge of the events Plaintiffs have alleged in their Amended Complaint. Investigator Brown may not be called to testify regarding what Plaintiffs reported to the HCRC as a means to prove that the alleged events occurred. Such testimony would constitute inadmissible hearsay. <u>Torres</u>, 794 F.3d at 1059.

To the extent that Plaintiffs wish to call Investigator Brown to testify as to how the HCRC conducts its investigations, that testimony is not relevant to their claims of discrimination. The focus at trial will be on the merits of Plaintiffs' state and federal law claims, not how the HCRC conducts its investigations. <u>See</u> <u>U.S. E.E.O.C. v. Pinal Cnty.</u>, 714 F.Supp.2d 1073, 1079 (S.D. Cal. 2010) (granting Equal Employment Opportunity Commission motion to quash deposition subpoena on the grounds that the trier

of fact will evaluate the merits of the underlying discrimination claim, not the agency's determination letter).

### (b) Plaintiffs' Pre-Trial Statement Exhibit P001

Federal Rule of Evidence 803(8) permits certain forms of government documents to be admitted as an exception to the general rule against hearsay.  Fed. R. Evid. 803(8).  Permissible documents include those that describe "a matter observed while under a legal duty to report," Fed. R. Evid. 803(8)(A)(ii), and "factual findings from a legally authorized investigation," Fed. R. Evid. 803(8)(A)(iii), that do not arise out of untrustworthy sources or circumstances. Fed. R. Evid. 803(8)(B).

Plaintiffs' Exhibit P001, entitled, "Interview with Deneen Hicks," does not qualify pursuant to Rule 803(8) as an exception to the general rule against hearsay.  The document is "a mere collection of statements" from Plaintiff Deneen Hicks concerning past incidents that form the basis of the Amended Complaint. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009).  The document constitutes inadmissible hearsay.  McMahon v. Valenzuela, No. 214CV02085CASAGRX, 2015 WL 7573620, at *9 (C.D. Cal. Nov. 25, 2015) (denying admission of a government report that contained preliminary findings and "extensive summarization or recitation of various out-of-court statements").

Defendants' Motion in Limine No. 6 is **GRANTED.**

9

Plaintiffs are precluded from calling HCRC Investigator Scott Brown as a Trial witness.  Plaintiffs are also precluded from introducing Exhibit P001, entitled "Interview with Deneen Hicks," into evidence.

## Motion in Limine No. 7 (ECF No. 111)

Defendants seek to prevent Plaintiffs from calling Attorneys Michael Kozak, Esq., John D. Zalewski, Esq., Andrea Heckler, Esq., and Arnold T. Phillips, Esq. to testify at Trial.

### (a)  Michael Kozak and John D. Zalewski

Attorney Michael Kozak is a former counsel and Attorney John D. Zalewski is present counsel for Defendants.  At the July 1, 2016 Final Pre-Trial Conference, Plaintiffs withdrew their request to call Attorneys Kozak and Zalewski. The Court outlines the reason the motion is granted.

Plaintiffs represented that Attorneys Kozak and Zalewski would testify about Defendants' submissions to the Hawaii Civil Rights Commission and the Department of Housing and Urban Development, which responded to Plaintiff's allegations of discrimination.  (Plas. Witness List at p. 2, ECF No. 115; Plas. Memo. in Opp. to Defs. Motion in Limine No. 7, p. 4, ECF No. 129-1).

The Hawaii Rules of Professional Conduct restrict an attorney's ability to function as both an advocate and a trial witness in the same case.  <u>See</u> Haw. R. Prof. Conduct 3.7.

Courts do not allow a party to call opposing counsel as witnesses unless (1) "[n]o other means exist to obtain the information," (2) "the information sought is relevant and nonprivileged," and (3) "the information is crucial to the preparation of the case."  <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986); <u>Rhodes v. Sutter Gould Med. Found.</u>, No. CIV. 2:12-13 WBS-DAD, 2014 WL 2091767, at *1 (E.D. Cal. May 16, 2014) (applying <u>Shelton</u> to trial subpoenas). Plaintiffs have not met the three prerequisites.

First, neither Attorney Kozak nor Attorney Zalewski are percipient witnesses.  The responses of the Defendants to the Hawaii Civil Rights Commission are not necessarily relevant. If the answers were somehow relevant there are other means to obtain admission to the answers without calling defense counsel.

Second, the information Plaintiffs seek is irrelevant to their underlying claims.  Neither Attorney Kozak nor Attorney Zalewski is alleged to have first-hand knowledge of the conduct and events that form the basis of the charges in the Amended Complaint.  Fed. R. Evid. 602.  Any additional information the attorneys could provide about Defendants' submissions will almost certainly elicit a claim of attorney-client privilege.  <u>See</u>

<u>Rhodes</u>, 2014 WL 2091767, at *2 (denying plaintiff's request to compel opposing counsel to testify after finding that the attorney's communications with clients about their response to a court order would be privileged).

Third, Plaintiffs have not demonstrated that the answers they seek from Attorneys Kozak and Zalewski are crucial to their case.  The attorneys' testimony would not add any material facts to Plaintiffs' case.  The testimony of Attorneys Kozak and Zalewski would mislead the jury and cause undue delay.  Fed. R. Evid. 403.


**(b)  Andrea Heckler**

Attorney Andrea Heckler served as Plaintiff Charles Hicks' bankruptcy attorney in 2011.  (Ex. B of Defs. Motion in Limine No. 7, ECF No. 111-4; Plas. Memo. in Opp. to Defs. Motion in Limine No. 7, p. 4, ECF No. 129-1).  At the July 1, 2016 Final Pre-Trial Conference, Plaintiffs withdrew their request to call Attorney Heckler as a Trial witness.

Plaintiffs initially asserted that Attorney Heckler would testify regarding the non-judicial foreclosure of Plaintiffs' condominium and Plaintiff Charles Hicks' attempts to mitigate damages.  (Plas. Memo. in Opp. to Defs. Motion in Limine No. 7, pp. 4-5, ECF No. 129-1).  Plaintiffs also indicated that Attorney Heckler would testify about the legal advice she provided to

Plaintiffs.  (Plas. Witness List at p. 2, ECF No. 115).  At the July 1, 2016 Final Pre-Trial Conference, Plaintiffs withdrew their request to call Attorney Heckler as a Trial witness.

Attorney Heckler may not testify at Trial.  Plaintiffs concede that Attorney Heckler "does not appear to have any first-hand knowledge of facts relating to Plaintiffs' claims in this case. . .." (Plas. Memo. in Opp. to Defs. Motion in Limine No. 7, p. 4, ECF No. 129-1).  The Amended Complaint (ECF No. 40) does not bring claims asserting wrongful foreclosure by Defendants. There is no indication that a causal relationship exists between Plaintiffs' discriminatory claims and any foreclosure action.

Attorney Heckler's testimony would be irrelevant to Plaintiffs' claims of discrimination and would cause jury confusion.  Moreover, Attorney Heckler would not be permitted to testify about her legal conclusions.  United States v. Johnson, 223 F.3d 665, 671 (7th Cir. 2000) ("Witnesses testify about fact, not law.  When a legal proposition is relevant to the jury's consideration, the proper procedure is for the judge to instruct the jury on the proposition").


**(c)  Arnold T. Phillips**

Attorney Arnold T. Phillips served as Plaintiffs' counsel in relation to a claim of water intrusion in their apartment.  (Ex.

B of Defs. Motion in Limine No. 7, ECF No. 111-5; Plas. Memo. in Opp. to Defs. Motion in Limine No. 7, p. 5, ECF No. 129-1).

At the July 1, 2016 Final Pre-Trial Conference, Plaintiffs indicated that Attorney Phillips may have evidence in the form of e-mails and other documents that support Plaintiffs' claims that Defendants' conduct concerning the water leaks into Plaintiffs' apartment was discriminatory.  Plaintiffs requested an opportunity to contact Attorney Phillips and represented that they will inform the Court if Attorney Phillips has relevant evidence that could be put before the Court.

Defendants' Motion in Limine No. 7 is **GRANTED** as to Attorneys Kozak, Zalewski, and Heckler.

Plaintiffs may not call Michael Kozak, Esq., John D. Zalewski, Esq., or Andrea Heckler, Esq. as witnesses to testify at Trial.

A ruling on Motion in Limine No. 7 with respect to Attorney Arnold T. Phillips is postponed pending further review.


**Defendants' Motion in Limine No. 9 (ECF No. 117)**

Defendants seek to bar Plaintiffs from referencing or introducing into evidence information relating to punitive damages, unless and until the Court has made a determination that Plaintiffs have sufficient evidence to support an award of punitive damages.

Punitive damages are a type of damages that are assessed for the purpose of punishing a defendant for aggravated or outrageous misconduct, and to deter others from similar conduct in the future.  <u>Smith v. Wade</u>, 461 U.S. 30, 54 (1983); <u>Udac v. Takata Corp.</u>, 214 P.3d 1133, 1155 (Haw. Ct. App. 2009).

**(a) Punitive Damages Pursuant to the Fair Housing Act**

The Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, permits recovery of punitive damages upon a showing by **a preponderance of the evidence** that the defendant's conduct involved reckless indifference.  <u>See</u> <u>The Fair Hous. Council of S.D., Joann Reed v. Penasquitos Casablanca Owner's Ass'n</u>, 381 F. App'x 674, 677 (9th Cir. 2010); <u>see also</u> <u>Dang v. Cross</u>, 422 F.3d 800, 807-08 (9th Cir. 2005) (recognizing that preponderance of the evidence standard for obtaining punitive damages in civil rights cases).  Reckless indifference, as applied to Fair Housing Act cases, means that the defendant "at least discriminate[s] in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." <u>Penasquitos Casablanca</u>, 381 F. App'x at 677 (internal quotations and citations omitted).

An apartment management company may be liable for punitive damages if it "knew of or ratified" a discriminatory act by its agents or the corporation.  <u>See</u> <u>United States v. Tropic Seas, Inc.</u>, 887 F.Supp. 1347, 1365 (D. Haw. 1995).

15

**(b) Punitive Damages Pursuant to Hawaii Law**

Hawaii law permits an award of punitive damages if the plaintiff proves by **clear and convincing evidence** that the defendant "acted wantonly or oppressively or with such malice as implies a spirit mischief or criminal indifference to civil obligations, or that there has been some willful misconduct or such an entire want of care which would raise the presumption of a conscious indifference to consequences." Kekona v. Bornemann, 349 P.3d 361, 370 (Haw. 2015) (internal quotations and citation omitted).

In Hawaii, a corporate entity is liable for punitive damages caused by its agents, so long as the corporation expressly or impliedly ratified the agent's acts. Man v. Raymark Indus., 728 F.Supp. 1461, 1470 (D. Haw. 1989).

At the July 1, 2016 Final Pre-Trial Conference, the Parties agreed to bifurcate the Trial into two components: liability and damages. (ECF No. 135).

In the liability phase of the Trial, information concerning punitive damages is not relevant and would be highly prejudicial. Fed. R. Evid. 402; 403.

Defendants' Motion in Limine No. 9 is **GRANTED**.

16

The Parties may not refer to or introduce into evidence information relating to punitive damages in the liability phase of the bifurcated Trial.

### CONCLUSION

Defendants' Motions in Limine Nos. 1, 2, 4, 5, 6, and 9 are **GRANTED**.

Defendants' Motion in Limine No. 7 is **GRANTED** as to Attorneys Michael Kozak, John Zalewski, and Andrea Heckler.


IT IS SO ORDERED.


Dated:    July 7, 2016, Honolulu, Hawaii.


_____
Helen Gillmor
United States District Judge




Charles Hicks; Deneen Hicks; and Stacey Hicks v. Association of Apartment Owners of Makaha Valley Plantation; and Hawaii First, Inc., Civil No. 11-00254HG-KJM; **TRIAL PROCEDURE ORDER DEFENDANTS' MOTIONS IN LIMINE NOS. 1, 2, 4, 5, 6, 7, and 9.**