IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Charles A. Hicks; Deneen Hicks; and Stacey Hicks, | ) ) ) | Civil No. 14-00254HG-KJM |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Association of Apartment Owners of Makaha Valley Plantation; and Hawaii First, Inc., | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**TRIAL PROCEDURE ORDER**
**DEFENDANTS' MOTIONS IN LIMINE NOS. 3, 8, 10, and 11**

Defendants Association of Apartment Owners of Makaha Valley Plantation and Hawaii First, Inc. (collectively, "Defendants") have filed 11 motions in limine.

On July 11, 2016, the Court held a further Final Pre-Trial Conference, during which the Court heard argument and rendered oral rulings on Motions in Limine Nos. 3, 8, 10, and 11.  This written order sets forth the Court's legal bases for the rulings.


**Motion in Limine No. 3 to Bar References to Unpled Claims (ECF No. 106)**
**Motion in Limine No. 8 to Exclude Evidence Relating to the Foreclosure on Plaintiffs' Condominium Unit (ECF No. 112)**

Defendants' Motion in Limine No. 3 seeks to bar any

reference or evidence concerning claims and remedies that are not asserted in Plaintiffs' Amended Complaint.  Motion in Limine No. 8 asks that the Court bar any reference or evidence concerning the foreclosure on Plaintiffs' condominium unit, as Plaintiffs did not assert such a claim in their Amended Complaint.  The Amended Complaint states only that "as a result of the adverse, discriminatory terms and conditions of residency that they have been subjected to by the defendants[,] . . . the plaintiffs have vacated their condo unit and are currently living in Georgia." (Amended Complaint at p. 15, ECF No. 40).  There is no reference in the Amended Complaint as to the foreclosure on the unit.

The Court may exclude evidence that is irrelevant or has a probative value that is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and could mislead the jury.  Fed. R. Evid. 402; 403.

Plaintiff Charles Hicks has filed another lawsuit challenging the foreclosure, but that lawsuit does not allege that the foreclosure had any connection to housing discrimination.  <u>Charles A. Hicks v. Ass'n of Apt. Owners of Makaha Valley Plantation; R. Laree McGuire</u>, 16-cv-00249-JMS-RLP, ECF No. 1.

Allegations by Plaintiffs that Defendants were responsible for the foreclosure of their condominium are not part of the Plaintiffs' claims and are highly prejudicial.  <u>See</u> <u>Scotts Co. v.</u>

<u>Cent. Garden & Pet Co.</u>, No. 2:00 CV 755, 2002 WL 1578791, at *1 (S.D. Ohio Apr. 4, 2002) (granting motion in limine to exclude references to an new and unpled claim).  Exposing the jury to unsubstantiated allegations would cause significant confusion and distract the jury from its task.  Fed. R. Evid. 403.

Defendants' Motion in Limine Nos. **3** and **8** are **GRANTED**.

**Both Parties** are precluded from introducing any testimony, evidence, or argument, as to unpled claims, including the foreclosure on Plaintiffs' condominium unit.

## Motion in Limine No. 10 to Exclude Cumulative Witnesses (ECF No. 113)

Defendants seek to preclude Plaintiffs from calling witnesses whose testimony will be cumulative, duplicative, or redundant.

Federal Rule of Evidence 403 permits the Court to exclude needlessly cumulative testimony that has little incremental value.  <u>United States v. Miguel</u>, 87 F. App'x 67, 68-69 (9th Cir. 2004); Fed. R. Evid. 403.  "Cumulative evidence replicates other admitted evidence."  <u>United States v. Ives</u>, 609 F.2d 930, 933 (9th Cir. 1979).  A witness's testimony may be needlessly cumulative if the plaintiff presents evidence bearing on the same point through other witnesses.  <u>Rogers v. Raymark Indus., Inc.</u>, 922 F.2d 1426, 1430-31 (9th Cir. 1991) (affirming district

3

court's decision to exclude witness testimony that had little

probative value and presented cumulative testimony).

**Defendants' Past and Present Employees**

Plaintiffs intend to call the following witnesses:

Nancy Kauwe;

Albert Iokepa;

Jolynn Mehrtens;

Shirley Landford;

Joseph Nunuha;

Tiso Maaina;

Chris Hodges;

Danny Brewer; and

Anson Amaral.

Plaintiffs state that the witnesses are all current or

former employees of Defendants. Plaintiffs represent that they

intend to question the witnesses about interactions with

Plaintiffs and their knowledge of Plaintiffs' claims.

Plaintiffs may serve trial subpoenas for those witnesses who

are current employees of Defendants upon defense counsel or at

Defendants' places of business. Plaintiffs must indicate to

defense counsel when each witness is scheduled to testify.

**The Defendant AOAO's Board Members**

Plaintiffs wish to call AOAO board members Lawrence Moore

("Moore") and Tommy Sowell ("Sowell") as witnesses.

Moore is a witness for Defendants and is knowledgeable about the AOAO board's governance of the Makaha Valley Plantation. Plaintiffs wish to question Sowell about the circumstances surrounding the AOAO board's awareness of Plaintiffs' disputes with their upstairs neighbors.

Plaintiffs indicated that they may wish to call former AOAO board member Keith Marini ("Marini") to testify at Trial, but they have not spoken with him.  Defendants shall inspect their records and provide any available present or former contact information for Marini to Plaintiffs by Tuesday, July 12, 2016. There has been no representation by Plaintiffs that justifies an appearance by Marini by telephone.  At this time, the Court will not permit Marini to testify via telephone; if there are special circumstances concerning his testimony, Plaintiffs may present them to the Court.

At the July 11, 2016 further Final Pre-Trial Conference, Plaintiffs **WITHDREW** the following AOAO board member witnesses:

Marjorie Collier;

Gregory Sokolowski; and

Robin Heath.

**The Attorney Witnesses**

On July 7, 2016, the Court filed an Order that precludes Plaintiffs from calling Attorneys Michael Kozak, Esq., John D.

Zalewski, Esq., and Andrea Heckler, Esq. as Trial witnesses. (ECF No. 137).

At the July 11, 2016 further Final Pre-Trial Conference, Plaintiffs **WITHDREW** their request to call Attorney Arnold T. Phillips, Esq. as a Trial witness.  Plaintiffs indicated Attorney Phillips did not have evidence he could present at Trial.

**Charles Hicks' Doctor**

At the July 11, 2016 further Final Pre-Trial Conference, Defendants stipulated that Charles Hicks suffers from Post Traumatic Stress Disorder ("PTSD") as a result of his service as a Marine in the Vietnam War.  The Defendants also stipulated that PTSD is a qualifying disability pursuant to state and federal law.

Plaintiffs represent that Dr. Medjuck is Plaintiff Charles Hicks' physician, and is familiar with how PTSD affects Charles Hicks.  Plaintiffs intend to question Dr. Medjuck about Charles Hicks' condition.  Dr. Medjuck was not, however, named as an expert witness.  Dr. Medjuck may not testify as an expert on PTSD.  The Court will allow the doctor to testify as to Charles Hicks' condition.  He may also testify in the damages phase of the Trial as to the effect on Charles Hicks if liability is established.

The Court will revisit the issue of Dr. Medjuck's testimony as the trial progresses.

**Plaintiffs' Other Witnesses**

Plaintiffs wish to call their son Thomas Hicks, Tommy Frazier, and David Gill as percipient witnesses.

Plaintiffs represented that Thomas Hicks will testify as to the condominium unit's condition when he lived with Plaintiffs, and Tommy Frazier will testify about his experience during his six-month stay in Plaintiffs' unit.  Plaintiffs also state that David Gill, who was the owner of the condominium unit above Plaintiffs' home, will testify as to the water leaks that came from his unit on or about 2013.

At the July 11, 2016 further Final Pre-Trial Conference, Plaintiffs **WITHDREW** the following witnesses:

Keith Brunner;

Jelani Matabaraka;

Julius Hudson; and

Frank Condello.

**Plaintiffs' Character Witnesses**

Plaintiffs wish to call Chris Raquedan ("Raquedan") and Clifford Oliviera ("Oliviera") as character witnesses.

Character evidence is generally not relevant and is inadmissible.  Fed. R. Evid. 103; 404.  Federal Rule of Evidence 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular

7

occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).

Plaintiffs intend to call Raquedan and Oliviera to testify about their good moral character. Plaintiffs represented that their testimony would show that Plaintiffs have been of upstanding moral character in the past, and therefore had good moral character during their stay at the Makaha Valley Plantation. The anticipated testimony of Raquedan and/or Oliviera falls within Federal Rule of Evidence 404's general ban on character evidence. See Keene v. Sears, Roebuck & Co., No. CIV A 05-828 JJH, 2007 WL 2572366, at *1 (D.N.J. Sept. 4, 2007) ("This type of evidence is the exact type of character evidence that the rule forbids"). Plaintiffs have not established that the testimony of Raquedan and/or Oliviera would qualify under a recognized exception to the general rule against character evidence. Plaintiffs' character is not at issue in this case. Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) ("Character evidence is normally not admissible in a civil rights case").

Plaintiffs wish to call Raquedan and Oliviera solely for the purpose of character evidence, which is not admissible.

Defendants' Motion in Limine No. **10** is **GRANTED** with respect to Chris Raquedan and Clifford Oliviera.

Plaintiffs have **WITHDRAWN** the following Trial witnesses:

Marjorie Collier;

Gregory Sokolowski;

Robin Heath;

Keith Brunner;

Attorney Arnold T. Phillips;

Jelani Matabaraka;

Julius Hudson; and

Frank Condello.


**Motion in Limine No. 11 to Exclude Handwritten Notes (ECF No. 114)**

Defendants seek to exclude two handwritten notes or any reference to the notes, which were attached as exhibits to Plaintiffs' Final Pre-Trial Conference Statement.  Plaintiff Deneen Hicks represents that she wrote both notes.  Both notes are unsigned and undated.

A party must authenticate a document before introducing it into evidence.  Fed. R. Evid. 901.  The trial court must be satisfied that the document in question is accurate, authentic, and generally trustworthy.  United States v. Panaro, 266 F.3d 939, 951 (9th Cir. 2001).[1]

---

[1] A handwritten document may be authenticated through testimony of a witness who has personal knowledge that the document is what the proffering party claims it to be,  Fed. R. Evid. 901(b)(1); Pahl v. Commissioner, 150 F.3d 1124, 1132 (9th Cir. 1998).

**The First Note (Ex. A of Defs. Motion in Limine No. 11)**

At the July 11, 2016 further Final Pre-Trial Conference, Plaintiffs withdrew their opposition to Defendants' request to exclude the first handwritten note.

The note is a testimonial narrative concerning past events that the author states "these are the things I have proof (or can get) of."  It references information concerning the Plaintiffs' experiences in the U.S. Virgin Islands, and other events that are unrelated to Plaintiffs' discrimination claims in this case. Fed. R. Evid. 402.

Plaintiffs state that the note was written contemporaneously with the events to which they refer, but the note describes events that occurred over the course of three years.  It appears to have been written in anticipation of litigation.

Federal Rules of Evidence 803 and 807 generally govern the admission of documents offered to prove the truth of their contents.  Fed. R. Evid. 803; 807; <u>see also</u> <u>Clark v. City of L.A.</u>, 650 F.2d 1033, 1036 (9th Cir. 1981) (applying Rule 803 and the residual exception).  Hearsay writings are not admissible, unless they fall under one of Rule 803's recognized exceptions or pursuant to Rule 807.

Plaintiffs have not shown that the first note qualifies for admission pursuant to Rules 803 or 807.  There is no indication that the document contains present sense impressions, excited

utterances, or statements concerning the writer's then-existing state of mind or condition.  Fed. R. Evid. 803(1)-(3).  In addition, the note does not contain circumstantial guarantees of trustworthiness, nor is it more probative than any other evidence Plaintiffs have.  Fed. R. Evid. 807(a)(1)-(3).  The note is "is a heavily emotive document that does not simply relate factual occurrences, but is written in a style designed to arouse sympathy and create enmity for the [Defendants].  Further, the document constitutes a written account of practically all of [Plaintiffs'] case against the [Defendants]."  Clark, 650 F.2d at 1038 (finding admission of diary reversible error), *cert. denied*, 456 U.S. 927 (1982).

Defendants' Motion in Limine No. **11** is **GRANTED** with respect to the first handwritten note, attached as Exhibit A of Motion in Limine No. 11.

Plaintiffs are precluded from introducing any testimony, evidence, argument, or other references to the note.


**The Second Note (Ex. B of Defs. Motion in Limine No. 11)**

Plaintiffs' second note appears to be a summary of incidents concerning the water leaks in Plaintiffs' condominium.  There is no indication that the note was written contemporaneously with the events it describes.  There are three separate dates listed on the document and various styles of writing.

Plaintiffs have not indicated if they wish to admit the note into evidence, or to use it to refresh a witness's memory pursuant to Rule 612.  See <u>Alexander v. Cit Tech. Fin. Servs., Inc.</u>, 217 F.Supp.2d 867, 882-83 (N.D. Ill. 2002) (barring admission of handwritten notes on hearsay grounds, but permitting the Plaintiff to use the document to refresh her recollection).

The Court will hear further argument as to the second handwritten note.

## <u>CONCLUSION</u>

Defendants' Motions in Limine Nos. **3** and **8** are **GRANTED**.

Motion in Limine No. **10** is **GRANTED** as to Chris Raquedan and Clifford Oliviera.

Plaintiffs have **WITHDRAWN** Marjorie Collier, Gregory Sokolowski, Robin Heath, Keith Brunner, Attorney Arnold T. Phillips, Jelani Matabaraka, Julius Hudson, and Frank Condello as Trial witnesses.


//
//
//
//
//
//

12

Motion in Limine No. **11** is **GRANTED** as to the first handwritten note, attached as Exhibit A of Motion in Limine No. 11.

IT IS SO ORDERED.

Dated:    July 13, 2016, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Charles A. Hicks; Deneen Hicks; and Stacey Hicks v. Association of Apartment Owners of Makaha Valley Plantation; and Hawaii First, Inc., Civil No. 14-00254HG-KJM; **TRIAL PROCEDURE ORDER DEFENDANTS' MOTIONS IN LIMINE NOS. 3, 8, 10, and 11.**