IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES A. HICKS; DENEEN HICKS; and STACEY HICKS, | ) Civil No. 14-00254 HG-KJM )  ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ASSOCIATION OF APARTMENT OWNERS OF MAKAHA VALLEY PLANTATION and HAWAII FIRST, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE (ECF NO. 156)**

Defendants Association of Apartment Owners of Makaha Valley Plantation and Hawaii First, Inc. filed (1) Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Orders and Court Rules and (2) Memorandum in Opposition to Plaintiff Deneen Hicks' Motion for Continuance. (ECF No. 156).

BACKGROUND

In May of 2014 Plaintiffs, Charles Hicks and Deneen Hicks and their adult daughter Stacey Hicks, filed suit against the Makaha Valley Plantation Homeowners Association and its managing agent, Hawaii First, Inc.  Plaintiffs, proceeding *Pro Se*, allege

1

housing discrimination by Defendants because of their race, African American, and Mr. Hicks' disability. The condominium community where Plaintiffs resided is comprised of 572 units located in Waianae, Hawaii.

Plaintiffs' Amended Complaint stated claims of race and disability discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and the Hawaii Discrimination in Real Property Transactions Act, Haw. Rev. Stat. § 515 *et seq*. (ECF No. 40).

On August 8, 2015, the Magistrate Judge filed a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure. (ECF No. 56). The Scheduling Order established the relevant trial-related deadlines and the trial date of July 12, 2016. (<u>Id.</u>)

In the two years the matter has been pending, Plaintiffs have requested and been allowed numerous instances of extra time to file and respond to pleadings.

On May 31, 2016 Plaintiff Deneen Hicks filed a Pretrial Statement which had 107 attachments labeled as exhibits. The format and contents of the filing raised a concern that the *Pro Se* Plaintiffs were not clear as to how to put their case before the jury. The voluminous filing contains many exhibits that would not be admissible at trial. There was no understandable organization of the exhibits. There was a list of 21 "documents

and records to be introduced into evidence:" but the numbers did not correspond to the numbers on the 107 "exhibits."

Prior to the final pretrial conference scheduled for July 1, 2016, the Court scheduled a pretrial conference on June 28, to begin discussion of the trial process and the various required filings.

Beginning on June 28, 2016, the Court held four pre-trial hearings to assist Plaintiffs in understanding the mechanics of a trial and how to comply with the Local Rules and the Court's Orders. Defendants had filed 11 Motions in Limine. The Court discussed each motion with the parties to avoid error at trial. Plaintiffs did not file a concise statement of the case, proposed jury instructions, a verdict form, or a trial brief. Each hearing ranged between approximately one hour and two and a half hours in length. The Court permitted Plaintiff Stacey Hicks, who was living in Georgia, to participate in the hearings by telephone.

During one of the hearings it was agreed to move the trial from July 12 to July 19, 2016. The extra week provided additional time for trial preparation.

As a result of the first three pretrial hearings the Court issued two written orders detailing the rulings on the Motions in Limine. The orders were intended to make clear what evidence would be admissible at trial. (Trial Procedure Orders on

Defendants' Motions in Limine, ECF Nos. 150, 151)

Local Rule 51.1 provides the parties with instructions on how to prepare jury instructions. The rule is set forth in the Rule 16 Scheduling Order of August 8, 2015 as a requirement for filing jury instructions. Plaintiffs did not provide any jury instructions. They did not respond to those proffered by Defendants. Plaintiffs cancelled the scheduled July 13th meeting with Defendants to confer on jury instructions.

In the early morning of Thursday, July 14, 2016, the date of the fourth pre-trial hearing, four days before Trial, Deneen Hicks submitted an e-mail to the Court entitled "Motion for a Continuance of Trial." (ECF No. 154). Attached to the e-mail was a document that appears to be a letter, dated Wednesday, July 13, 2016, from a nurse practitioner at the Waianae Coast Comprehensive Health Center. The letter stated:

> DENEEN HICKS is a patient in our clinics. She is experiencing medical and psychiatric challenges which would prevent her from temporarily participating in court proceedings. Ms. Hicks requires time for treatment and recovery. She is highly motivated for recovery and her prognosis is excellent. Recommended she be allowed 60 days for recovery.

(Ex. A of Deneen Hicks' Motion for Continuance, ECF No. 154).

Deneen Hicks' e-mail did not mention Charles Hicks or Stacey Hicks. There was no additional information as to the nature of the medical and psychiatric challenges Mrs. Hicks faced. There was no diagnosis or other information. Medical treatment can justify a delay of a trial, but the delay must be supported by a

"detailed showing." See Moffitt v. Ill. State Bd. Of Educ., 236 F.3d 868, 874-76 (7th Cir. 2001).

After receiving the e-mail, the Court immediately filed a Minute Order instructing all Parties to appear that day at the 2:00 p.m. previously scheduled hearing. The Court indicated it wished to review the particulars of Deneen Hicks' request. (ECF No. 151). The Order to Appear indicated that Mrs. Hicks' e-mail provided insufficient information for a determination as to whether a continuance was warranted. (Id.) A copy of the Order to Appear was sent to Charles and Deneen Hicks via e-mail.

Despite the Court's Order, Charles and Deneen Hicks did not appear at the Thursday, July 14, 2016 hearing. They did not respond to the multiple telephone calls made to them by the Courtroom Manager. Stacey Hicks participated by telephone, but represented that she did not know where Charles and Deneen Hicks were. (Id.)

At the Thursday, July 14, 2016 hearing, the Court issued an ORDER TO SHOW CAUSE why Deneen Hicks' request for a continuance should not be denied. (ECF No. 153). The hearing on the ORDER TO SHOW CAUSE was set for the next day, Friday, July 15, 2016. Stacey Hicks was instructed to contact and inform Charles and Deneen Hicks that they must appear at the July 15, 2016 hearing. (Id.) Copies of the ORDER TO SHOW CAUSE were sent to Charles and Deneen Hicks, and Defendants via e-mail. The Order advised

Plaintiffs that a failure to prosecute or to comply with the Court's ORDER TO SHOW CAUSE could result in an involuntary dismissal of the case.  (Id.)

Just prior to the Friday, July 15, 2016, hearing on the ORDER TO SHOW CAUSE, Defendants filed (1) Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Orders and Court Rules and (2) Memorandum in Opposition to Plaintiff Deneen Hicks' Motion for Continuance.  (ECF No. 156).  Plaintiffs Charles Hicks, Deneen Hicks, and Stacey Hicks did not appear at the Friday hearing on the ORDER TO SHOW CAUSE.  (ECF No. 158).  The three Plaintiffs did not answer their individual telephone numbers when multiple calls were made to them by the Courtroom Manager.  (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action or claim for a plaintiff's failure "to prosecute or to comply with [the Federal Rules] or a court order."  Fed. R. Civ. P. 41(b).  The overarching theme of Rule 41(b) is to encourage a plaintiff to prosecute his case with reasonable diligence.  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

Plaintiffs were given consideration of their *pro se* status repeatedly throughout the two years the matter has been before the Court.  The Plaintiffs have been warned at the hearings of

6

the necessity of their appearance, the requirement to provide necessary documents to proceed to trial, and about proper decorum in Court.  *Pro Se* status does not excuse a litigant from complying with evidentiary and procedural rules.  See United States v. Rashed 166 F.3d 344, at *3 (9th Cir. Dec. 17, 1998). The Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules of this court apply to all parties including those proceeding *pro se*.  Garcia v. Almieda 2007 WL 2758040 (E.D. Cal. Sept. 20, 2007).  *Pro se* parties are expected to fully follow the Federal Rules of Evidence.  Guilfoyle v. Educ. Credit Mgmt. Corp., 2015 WL 1442689, at *6 (E.D. Cal. March 25, 2015).

In determining whether to dismiss a claim pursuant to Rule 41(b), the Court must consider the following five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

The balance of the five factors weighs in favor of dismissal for Plaintiffs' failure to prosecute.

**(1) Expeditious Resolution of Litigation**

The first factor weighs in favor of dismissal.

This case is more than two years old. Plaintiffs had almost 12 months' notice that the Trial would occur in July 2016. (ECF No. 55). They were required to diligently prosecute their case and "take all steps necessary to bring [the] action to readiness for pretrial and trial." LR 16.1. Despite having been apprised of the requisite trial deadlines, Plaintiffs repeatedly failed to submit timely and necessary filings, such as a concise statement of the case, a trial brief, a verdict form, and proposed jury instructions. Furthermore, Plaintiffs' trial exhibits failed to conform to the Local Rules concerning how exhibits may be provided to the Court. See LR 7.7; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (*per curiam*) (observing that "pro se litigants are not excused from following court rules").

Plaintiff repeatedly failed to file the necessary pre-trial documents and to submit their trial exhibits in proper form. The Court held four pre-trial hearings in this case in order to assist the Plaintiffs in understanding the mechanics of a trial and how to comply with the Local Rules and the Court's Orders. At the June 28, 2016 and July 1, 2016 pre-trial hearings, Charles and Deneen Hicks arrived late for the proceedings. At the first hearing the Court did not comment of Plaintiffs' tardiness.

Deneen Hicks arrived 20 minutes late for the second hearing. She indicated Charles Hicks was not feeling well and that he would arrive later. Charles Hicks did arrive late and left before the hearing was complete. The Court asked for consideration of the time devoted to the hearing by the parties, court staff, and eventually, the jury. The need for *pro se* plaintiffs to be present to pursue their claims was also emphasized. (ECF No. 135).

At the third hearing on July 11, 2016, Plaintiff Stacey Hicks did not appear via telephone during the morning session. (ECF No. 147). In the afternoon session of the July 11, 2016 hearing, the Court advised Stacey Hicks that her presence is necessary for all hearings in the case, and warned her that failure to be present at future hearings may result in a dismissal of her claims. (ECF No. 147). Stacey Hicks, however, disconnected before the conclusion of the afternoon session. (ECF No. 147). At that third hearing the Court also warned Charles Hicks that his coming late, shouting, interrupting, walking in and out of the courtroom during proceedings, as well as other disruptive behavior, would not be tolerated. (ECF No. 147).

In the morning of July 14, 2016, the date on which the fourth pre-trial hearing was scheduled for the afternoon, Deneen Hicks sent an e-mail to the Court requesting a continuance on the basis of "[m]edical necessity." (ECF No. 154). Upon receipt of the request, the Court issued a Minute Order instructing all

Plaintiffs to appear at the July 14, 2016 hearing, so as to address Deneen Hicks' request. (ECF No. 151). The Minute Order indicated that Deneen Hicks had provided insufficient information about her need for a continuance. The Minute Order permitted Deneen Hicks to appear by telephone if she was unable to appear in person. (ECF No. 151).

Despite the Court's order to appear and clarify the nature of Deneen Hicks' need for a continuance, Charles and Deneen Hicks were not present at the July 14, 2016 hearing. (ECF No. 153). Stacey Hicks was present by telephone. Plaintiffs did not submit additional information supporting the significance and substantiality of Deneen Hicks' need for a continuance. See Zhou v. Belanger, 528 F. App'x 618, 622 (7th Cir. 2013) (permitting the district court to require plaintiffs to provide a "detailed showing" of the asserted medical condition).

At the July 14, 2016 hearing, the Court issued an ORDER TO SHOW CAUSE that instructed all Plaintiffs to appear at a hearing the next day on July 15, 2016. (ECF No. 153). The ORDER TO SHOW CAUSE warned Plaintiffs that failure to comply or a failure to prosecute could result in an involuntarily dismissal of the case. (ECF No. 153). Despite the Court's ORDER TO SHOW CAUSE, all three Plaintiffs failed to appear at the July 15, 2016 hearing and did not answer their individual cell phone numbers. (ECF No. 158). Plaintiffs' failure to appear at the July 15, 2016 hearing necessitated a cancellation of the Trial on July 19, and the

10

summons of jurors for the Trial.  The Court was left with no reason to believe that Plaintiffs would appear for Trial on July 19, 2016.  (ECF No. 158).

Plaintiffs have submitted non-compliant exhibits, failed to file necessary pre-trial documents, cancelled their meet and confer scheduled with Defendants to discuss joint jury instructions, requested an unsupported eleventh-hour continuance, and failed to appear at scheduled court hearings.  Plaintiffs have not filed any pleadings or contacted the Court in the fourteen days since their last missed hearing.  Plaintiffs have substantially impeded a resolution of the case and prevented the Court from adhering to its trial schedule.  <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987).

Plaintiffs' conduct has created an unreasonable delay in the proceedings.  There is no indication that Plaintiffs take their obligations to the Court and to Defendants seriously.  The Ninth Circuit Court of Appeals has stated that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999). The Court finds that the Plaintiffs' conduct has caused an unreasonable delay that is due to lack of prosecution of their claims.  <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1384 (9th Cir. 1996); <u>Columbia Falls Aluminum Co. v. Wausau Underwriters Ins. Co.</u>, 36 F. App'x 284, 286 (9th Cir. 2002).

**(2) Docket Management**

The Court has expended two years and considerable resources on this case. Any further effort would consume limited judicial resources and take the Court's attention away from other active cases. See <u>McDermott v. Palo Verde Unified Sch. Dist.</u>, 638 F. App'x 636, 638 (9th Cir. 2016) (affirming dismissal and holding that the plaintiff "interfered with the district court's ability to manage its trial calendar, and a further delay of the trial would thwart the public interest in the prompt resolution of cases").

**(3) Prejudice to Defendants**

The third factor weighs in favor of dismissal.

Defendants have provided evidence establishing that Plaintiffs' failure to prosecute has caused them significant prejudice. See <u>Columbia Falls Aluminum Co. v. Wausau Underwriters Ins. Co.</u>, 36 F. App'x 284, 286 (9th Cir. 2002). Defendants have expended substantial time and resources in the preparation for the multi-plaintiff, multi-claim trial. <u>W. Coast Theater Corp.</u>, 897 F.2d at 1524 (recognizing time and money as forms of prejudice).

**Necessary Disclosure of Pending Litigation**

The President of the Defendant Association of Apartment Owners of Makaha Valley Plantation ("the AOAO") provided a

declaration. In that declaration, he indicated that that the AOAO has been required to disclose the pending status of the case for the last two years. The President attested that the AOAO has been informed that the presence of the lawsuit has impaired, affected terms and/or made it more difficult for units to be purchased, sold, financed, and/or re-financed. (Sowell Decl. at ¶ 7, ECF No. 160-1).

**Insurance Premium Increase**

The AOAO insurance broker provided a declaration indicating that since the filing of the lawsuit, the insurance carrier of the AOAO declined to renew its policy. The change in insurance carriers resulted in a substantial annual premium increase. The deductible increased from $2,500 to $75,000. (Savio Decl. at ¶¶ 6-7, ECF No. 160-2).

The Ninth Circuit Court of Appeals has held that a plaintiff's unreasonable delay creates a rebuttable presumption that the defendants suffered prejudice. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (internal citations omitted). Prejudice may come in the forms of lost witness memory, lost evidence, or the additional time and money that the defendants spend as a result of the plaintiffs' conduct. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990); Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980).


Plaintiffs' unreasonable delay has caused Defendants to suffer prejudice. Allowing the case to continue would further prejudice Defendants.

**(4) Availability of Less Drastic Alternatives**

The fourth factor weighs in favor of dismissal.

The Court has repeatedly utilized alternative methods to encourage Plaintiffs to diligently prosecute their case and comply with the Court's orders and the Local Rules. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) (favoring dismissals that occur after the district court employs alternative measures).

The Court held four pre-trial hearings to help Plaintiffs understand the procedural and evidentiary rules associated with the Trial. For the first two hearings, Charles and Deneen Hicks were late. The Court advised Plaintiffs that they must be on time for all hearings. (ECF No. 135). At the morning session of the July 11, 2016 pre-trial hearing, Stacey Hicks was not present and was unreachable by telephone. In the afternoon session, the Court reached Stacey Hicks and cautioned her that her failure to appear at future hearings may constitute failure to prosecute and warrant dismissal of her claims. (ECF No. 147). On July 14, 2016, the Court filed an ORDER TO SHOW CAUSE after Charles and Deneen Hicks failed to appear at the previously scheduled July

14, 2016 pre-trial hearing.  (ECF No. 153).  The ORDER TO SHOW CAUSE required Plaintiffs' presence for a hearing on July 15, 2016, and warned all Plaintiffs that failure to prosecute or to comply with the Court's ORDER TO SHOW CAUSE could result in involuntary dismissal.  (Id.) Plaintiffs did not appear at the July 15, 2016 hearing.  (ECF No. 158).  The Court's numerous warnings to Plaintiffs have gone unheeded.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) (recognizing that "warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement").

Plaintiffs are *pro se* and are proceeding *in forma pauperis*. There is no indication that monetary sanctions would be effective in compelling diligent prosecution or compliance with the Court's orders or local rules.  Wade v. Ratella, 407 F.Supp.2d 1196, 1209 (S.D. Cal. 2005).

The Court finds that there are no viable alternatives to dismissal.  Repeated attempts to advise Plaintiffs about the importance of diligent prosecution have gone unheeded. Plaintiffs have been afforded multiple opportunities to conform their attendance, behavior, and submissions to this Court's orders and the Local Rules, to no avail.  Thompson v. Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986) (*per curiam*) (affirming dismissal where district court provided plaintiff with

abundant opportunity to comply with its orders and local rules).

**(5) Public Policy Favoring Disposition of Cases on their Merits**

The fifth factor disfavors dismissal, Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998), but carries limited weight where, as here, the plaintiffs failed to work towards a disposition on the merits.  Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (recognizing that "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

Four of the five factors strongly favor dismissal. Dismissal of the case for Plaintiffs' failure to prosecute is appropriate.  Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (holding that the public policy factor favoring disposition on the merits is insufficient to overcome weight of the other four factors).  Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996).  The five-factor test provides an outline "for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Plaintiffs have been provided with a fair opportunity to present their case before a jury.  Plaintiffs have been repeatedly advised that they, like all litigants, are bound by Court deadlines, orders, and the Local Rules.  The Court has explained relevant trial procedures for the *pro se* Plaintiffs' benefit, and has afforded them leniency on many occasions.  Plaintiffs have chosen to abandon their case four days before Trial.  Plaintiffs have not contacted the Court since their July 14, 2016 unsupported request, by one Plaintiff, for a continuance.

## CONCLUSION

Plaintiff Deneen Hicks' Motion for Continuance (ECF No. 154) is **DENIED**.

Defendants' Motion to Dismiss (ECF No. 156) is **GRANTED**.  Fourteen days have passed without response to Defendant's Motion to Dismiss for lack of prosecution.

The case is **DISMISSED WITH PREJUDICE**.


//
//
//
//
//

Pursuant to Fed. R. Civ. P. 41(b), the Clerk of Court is directed to **ENTER JUDGMENT** and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    July 28, 2016, Honolulu, Hawaii.

                                           /s/ Helen Gillmor
Helen Gillmor
United States District Judge

Charles A. Hicks; Deneen Hicks; and Stacey Hicks v. Association of Apartment Owners of Makaha Valley Plantation; and Hawaii First, Inc., Civil No. 14-00254HG-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS AND COURT RULES (ECF NO. 156) and DISMISSING THE CASE WITH PREJUDICE.**